# CHARLESTOWN.

## SEE v. ROGERS.

Submitted September 10, 1888.—Decided September 15, 1888.

1. DEMURRER—CREDITORS' BILL—PENDENCY OF ANOTHER BILL.
   Where a lien-creditor brings suit to subject the real estate of his debtor to the payment of his debt, the fact that his bill avers that there is then pending a suit by another creditor, to subject the same real estate to other debts, is not ground for sustaining a demurrer to such bill. (p. 473.)

2. BANKRUPTCY—ASSIGNEE'S SALE OF REAL ESTATE—INCUMBRANCES.
   Where the real estate of a bankrupt is incumbered by liens or otherwise, the assignee of the bankrupt may sell it under the United States bankrupt act, either subject to the incumbrance, or absolutely and free therefrom. But in the latter case he must. before selling, obtain from the bankrupt court an order for that purpose; and, if he sells the property without such order, he can only sell it subject to the incumbrance, and the purchaser will get no better title than the bankrupt had; that is, he will take it subject to the incumbrance. (p. 474.)

*J. Bassel* for appellant.

*M. H. Dent* for appellee, J. G. Preiss.

SNYDER, JUDGE:

This is an appeal from a decree of the Circuit Court of Taylor county, pronounced April 2, 1886, in the suit of Lavina See and J. J. Miller against Nicholas Rogers and others, sustaining the demurrer of the defendants to the plaintiffs' bill, and dismissing the same.

The facts averred in the bill are in substance as follows: The defendants, Nicholas Rogers and John W. Deck, were partners in the mercantile business under the firm name of Deck & Rogers. In March, 1875, the partnership was dissolved by the sale of Rogers to Deck of his interest in the firm assets and business, including certain real estate, consisting of three lots, and the buildings thereon, in the town of Grafton, owned by said firm. Deck was to pay Rogers for his one half interest in said assets and real estate, $5,500.00, and, in addition thereto, pay off all the firm debts and liabilities, and Rogers retained the title to said real estate as security for the full performance of the obligation thus assumed by Deck. The defendant, Deck, as the successor of said firm, continued the mercantile business until the close of the year 1876, when he failed, and soon after, on his own petition, was adjudged a bankrupt under the United States laws, and as such surrendered all his estate, real and personal, "including his one half interest in the real estate hereinbefore mentioned," to the defendant, Levi Cofran, as his duly appointed assignee in bankruptcy. Cofran, as such assignee, in July, 1878, sold said real estate, and the part known as lots 57 and 58 was purchased by the defendant, John Evans, and lot 140 was purchased by the defendant, A. C. Holy. By deeds dated August 6, 1878, the assignee conveyed said real estate to said purchasers, and the same were duly recorded in Taylor county. By deeds and sundry intermediate conveyances the title to said lots 57 and 58, purchased by said Evans, became vested in the defendants, G. M. Whitescarver and Isaac Evans, and the title of said Holy in lot 140 became vested in the defendant, J. G. Preiss. In February, 1877, the defendant, Rogers, instituted his suit in the said Circuit Court of Taylor county against said John W. Deck, alleging the formation, duration and dissolution of said partnership of Deck and Rogers and Deck's obligation and failure to discharge the liabilities of said firm, and asking a settlement of the firm-business; in which said suit an order of reference was made at the March term, 1878, of the court, and pursuant to said order the commissioner made and filed his report, showing the liabilities of said firm, and their priorities, and the liability of the aforesaid real estate for their

payment. The bill, exhibits, and proceedings in said suit are made part of the bill in this cause. During the existence of said firm of Deck & Rogers, it became indebted to the plaintiffs, and upon said indebtedness the respective plaintiffs obtained judgments in the Circuit Court of Taylor county against said firm as follows : The plaintiff, Miller, for $603.61 and costs, on November 24, 1877 ; and the plaintiff, See, for $66.87 and costs, on March 11, 1879,—both of which said judgments were duly recorded upon the judgment lien docket of said county. The bill then avers that, the defendant, Deck, never having acquired the legal title to one-half of the aforesaid real estate, it never passed to his assignee in bankruptcy, or from him to the purchasers at the bankrupt sale; that the legal title to said moiety of said real estate remained in the defendant, Rogers, until after the plaintiffs obtained their said judgments; and the same are subsisting liens thereon. The plaintiffs therefore pray that said Rogers' moiety of said real estate may be sold for the payment of their said judgments, and for general relief, etc.

It seems to me the facts thus alleged in the bill show sufficient ground to entitle the plaintiffs to relief. The appellees insist that the demurrer to the bill was properly sustained upon two grounds : *First.* Because the bill, and exhibits made part thereof, show that there was already pending in the same court a suit in which the real estate of Deck & Rogers was sought to be subjected to the satisfaction of the debts of said firm, among which debts were included those of these plaintiffs, and that, therefore, this suit was wholly unnecessary. Whatever may be said as to the propriety of bringing this suit pending the other suit referred to, this is not a ground for demurrer to the bill. Our statute provides that if, during the pendency of a creditors' suit, another creditor or lienholder should bring a suit on his claim, the court may enjoin him, and require him to assert his lien in the pending suit. Chapter 139, § 7, Code. Or the court may make such order in the cause as may seem proper. *Bilmyer* v. *Sherman*, 23 W. Va. 656.

The *second* ground, and the one chiefly relied upon by the appellees to sustain the action of the Circuit Court, is that the bill does not show any grounds for the relief sought by

the plaintiffs. This ground reaches the entire merits of the bill. It is contended that, since the averments of the bill show that the bankrupt court took jurisdiction of the real estate of the defendant, Deck, and sold as a part thereof the real estate sought to be reached by this suit, we must presume that it sold free from incumbrance, not only the moiety of said real estate belonging to the bankrupt, Deck, but that it also sold the moiety to which Rogers held the legal title as a security for the obligations of Deck, which it ·is shown had not been discharged. The bankrupt statute provides that, where any part of the real estate of the bankrupt is in dispute or subject to any condition or lien, the assignee may either sell such real estate subject to the adverse claim or lien, or he may sell it absolutely and free from incumbrance. But, before he can sell the property free from incumbrance, he must obtain an order for that purpose from the court, after due notice to the adverse claimant or the person holding the lien on it.

The proper mode of proceeding in such case is by petition addressed to the judge of the court of bankruptcy, properly entitled in the cause, and duly verified. As the granting the order for such sale is not a matter of course, the petition should set forth the facts to justify the application, and state what persons have liens, incumbrances, or interests in the property. Upon the hearing of such application, the court may grant an order for the sale of the property free from incumbrance, and when the sale is made the controversy is transferred to the fund which then represents the property· Whenever the assignee sells without such order, he can only sell subject to the incumbrance, and does not give to the purchaser any better right or title than he himself had. The purchaser gets simply the interest of the bankrupt in the property, and nothing more. Bump. Bankr. (10th ed.) 141, 142; *In re McClellan*, 1 N. B. S. 389; *McCance* v. *Taylor*, 10 Gratt. 580; *Beall* v. *Walker*, 26 W. Va. 741.

According to these authorities, if we concede that the bankrupt court had the power to sell the Rogers moiety of the real estate, it could not do so without an order made by the court for such sale, after due application and notice to Rogers. There is nothing in the facts stated in the bill, or

the exhibits filed herewith, to show that such order had been obtained, or that Rogers had any notice of the bankrupt proceedings. But as Rogers retained the title to this moiety to secure the payment of a large sum of money, and to indemnify him against liabilities assumed by Deck, and as there is nothing to show that Deck had either paid said money or discharged said liabilities, it does not appear that he had even an equitable interest in said moiety. It does not, therefore, appear either that the bankrupt court attempted to sell said moiety, or that Deck had any interest which it could sell. The legal title, and, so far as the bill shows, the equitable title or right, as well, was vested and remained in Rogers until after the bankrupt sale, and still remains in him ; and, this being the case, the judgments recovered by the plaintiffs against Rogers operate as liens thereon. *Anderson* v. *Nagle*, 11 W. Va. 98; *Delaplain* v. *Wilkinson*, 17 W. Va. 242. It may appear, when all the facts concerning this real estate are brought into the cause by the answers of the defendants or otherwise, that the plaintiffs have no right to subject it to their debts; but, taking the facts set forth in the bill as true, and as all the facts, as we must do on demurrer, it seems to me it sufficiently appears that the plaintiffs have a cause for the relief they ask. For the reasons stated the decree of the Circuit Court must be reversed, the demurrer to the bill overruled, and the cause remanded for further proceedings.

REVERSED. REMANDED.